Aaron J. Prisbrey (#6968)
Trevor C. Sanders (#14309)
AARON J. PRISBREY, P.C.
1090 East Tabernacle Street
St. George, Utah 84770
Phone:   (435) 673-1661
Fax:       (435) 673-3561
E-Mail:  trevor@prisbreylaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH; CENTRAL DIVISION

| | |
|---|---|
| JAKE ROWLEY, individually and on behalf of those similarly situated; JOHN ROWLEY, individually and on behalf of those similarly situated; | **CLASS-ACTION COMPLAINT FOR INDIVIDUAL DAMAGES & DECLARATORY AND INJUNCTIVE RELIEF** |
| *Plaintiffs,* | Civil No.:  2:13-cv-00959-DB |
| *vs.* | Judge:  Dee Benson |
| DANIEL D. MCARTHUR, in his supervisory capacity; CITY OF ST. GEORGE, a municipal corporation and political subdivision of the State of Utah; MALCOLM TURNER, in his individual and representative capacity; JEFF COTTAM, in his individual and representative capacity; and JOHN DOES I-X; | |
| *Defendants.* | |

NOW COME the plaintiffs, Jake Rowley and John Rowley, through the above-named

counsel at AARON J. PRISBREY, P.C., and pursuant to 42 U.S.C. §§ 1983 and 1988, and submit

this Complaint, seeking declaratory relief, a permanent injunction, and monetary damages for

violation of constitutionally-protected rights secured by the Fourth Amendment to the United

States Constitution on behalf of themselves individually, and on behalf of others similarly

situated, by complaining, alleging, and pleading against Defendant Daniel D. McArthur

("McArthur"; sometimes collectively, "Defendants"), in his supervisory capacity as the mayor of

the City of St. George, Defendant City of St. George, ("Defendant City" or "City"; sometimes

collectively, "Defendants"), Defendant Malcolm Turner ("Turner"; sometimes collectively,

"Defendants") in his individual and representative capacity, and Defendant Jeff Cottam

("Cottam"; sometimes collectively, "Defendants"), in his individual and representative capacity,

as follows:

## INTRODUCTION

1.      This is a federal constitutional rights action filed by the plaintiffs, Jake Rowley and John

Rowley, and a Plaintiff Class of similarly-situated citizens (sometimes collectively referred to as

"Plaintiffs"), which challenges the constitutionality of several provisions of Defendant City's

ordinances, ST. GEORGE CITY CODE §§ 1-12A-16, 1-12C-3-1, 1-12C-3-2, which authorizes City

code enforcement officers to engage in warrantless searches of any property or premises to

evaluate obedience to the City's ordinances, and which also authorizes warrantless entry upon

private property to abate alleged ordinance violations.

2.      The named Plaintiffs, Jake Rowley and John Rowley, are brothers who live in different

locations within the City of St. George, and who have been unfairly and selectively targeted by

Defendants City, Turner, and Cottam for alleged City ordinance violations.

3.      The City ordinances in question, Sections 1-12A-16, 1-12C-3-1, and 1-12C-3-2, are

facially unconstitutional and repugnant of the Fourth Amendment to the United States

Constitution, made binding upon the Defendants by the Fourteenth Amendment, because they

allow warrantless searches and entries upon private property.

4.      Not only do Defendant City's ordinances allow warrantless searches and entry upon private property, they also allow Defendant City's code enforcement officers, agents, or employees, Defendants Turner and Cottam, to obtain evidence against individuals as fruits of those warrantless entries and searches, which evidence is later used to enforce penalties, including, but not limited to, fines and criminal prosecution.

5.      One of Defendant City's ordinances in question, Section 1-12A-16, requires property owners to refuse entrance by Defendant City's officers, agents, or employees before a search warrant is obtained, which application and enforcement violates the Fourth Amendment because it assumes that Plaintiffs' Fourth Amendment rights lie dormant until invoked.

6.      In this constitutional rights action, brought pursuant to 42 U.S.C. § 1983, Plaintiffs seek damages, including nominal, compensatory, and punitive damages, on their individual claims. In addition, Plaintiffs seek declaratory, injunctive, and prospective relief on behalf of themselves and a class of similarly-situated individuals who have suffered, or who are reasonably likely to in the future suffer, Fourth Amendment violations by Defendant City's ordinances and its enforcement by Defendants Turner and Cottam, and as acquiesced by Defendant McArthur.

## JURISDICTION & VENUE

7.      This action arises under the Constitution of the United States of America, and the applicable federal statutory provisions of the Civil Rights Act of 1871, presently codified at 42 U.S.C. § 1983, and thus subject-matter jurisdiction is satisfied. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant City of St. George resides, and the events giving rise to this claim by Defendant City of St. George's officers, agents, or employees, all occurred in the City of St. George, Washington County, State of Utah, within the boundaries of the federal District of Utah.

## PARTIES

9.      Plaintiff Jake T. Rowley is a resident of the City of St. George, Washington County, State of Utah.

10.     Plaintiff John Rowley is a resident of the City of St. George, Washington County, State of Utah.

11.     The proposed Plaintiff Class of similarly-situated individuals are or were citizens of Defendant City of St. George.

12.     Defendant Daniel D. McArthur, against whom this action is brought in his supervisory capacity, is the current mayor of Defendant City of St. George, and is responsible for executing St. George City ordinances, including the ordinances in question.

13.     Defendant City of St. George is a municipal corporation and political subdivision of the State of Utah, which employs officers, agents, or employees to enforce its ordinances and other laws.

14.     Defendant Malcolm Turner, against whom this action is brought in his individual and representative capacities, is a code enforcement officer employed by Defendant City, and has acted under color of state law at all times relevant to this Complaint.

15.     Defendant Jeff Cottam, against whom this action is brought in his individual and representative capacities, is a former law enforcement officer familiar with Fourth Amendment prohibitions, and is now a code enforcement officer employed by Defendant City and has acted under color of state law at all times relevant to this Complaint.

16.     As a municipality and political subdivision of the State of Utah, Defendant City and its officers, agents, or employees have acted under color of state law at all times relevant to this Complaint.

4

# FACTS

## A.    PLAINTIFF JOHN ROWLEY

17.    Plaintiff John Rowley is a resident of the City of St. George, Washington County, State of Utah, and he is the brother of Plaintiff Jake Rowley.

18.    Plaintiff John Rowley holds fee simple title to real property located within the boundaries of Defendant City.

19.    Plaintiff John Rowley's property, including his home and surrounding curtilage, both within and without the fence, is a constitutionally-protected area. *See, e.g.*, *Florida v. Jardines*, 133 S. Ct. 1409 (2013); *United States v. Jones*, 132 S. Ct. 945 (2012).

20.    Plaintiff John Rowley's property is surrounded by a wooden fence, which fence encloses his back yard, in an effort to preserve the privacy and sanctity of his property.

21.    The north side of the wooden fence surrounding John Rowley's back yard is constructed in such a manner that the fence is built in segments, with each segment extending slightly outward and away from his property than the previous segment.

22.    On or about January 23, 2013, Defendant Cottam, a code enforcement officer employed by Defendant City, went to John Rowley's property and took photographs of Rowley's front and back yards, some of which photographs could not have been taken from any other vantage point than upon John Rowley's property.

23.    Defendant Cottam, an agent of Defendant City, was acting under color of law and did not have a search warrant or permission to enter or search John Rowley's property on this date.

24.    Defendant Cottam, while testifying under oath at a September 9, 2013, hearing held at the St. George City Council Chambers, admitted to leaning into or across, John Rowley's property to take some of the photographs.

25.     The photographs which Defendant Cottam took, including those obtained with a warrantless search, were used as evidence of alleged City ordinance violations, for which John Rowley eventually received a notice of violation on or about February 21, 2013.

26.     The notice of violation which John Rowley received threatened an assessment of daily fines ranging from $25.00 to $50.00 per day, recordation of the "Notice of Violation" as a lien against his real property, and criminal prosecution.

27.     Defendant Cottam returned to John Rowley's property on multiple successive occasions, over John Rowley's known objection to the warrantless entries and searches and again upon information and belief conducted warrantless entries and searches of his property. Defendant Cottam testified under oath at a September 9, 2013, hearing that he made no contemporaneous records of these subsequent searches; it is assumed that these searches were made on John Rowley's property as well.

28.     John Rowley retained counsel, filed a motion to suppress the photographic evidence of his alleged ordinance violation, filed a motion seeking to have the ordinance declared unconstitutional, and requested a hearing to address the warrantless search of his property by Defendant Cottam and the evidence obtained as fruits of that search on or about March 4, 2013.

29.     On October 7, 2013, at a suppression hearing held at the St. George City Council Chambers, Defendant City's administrative law judge ruled that Defendant Cottam's actions of leaning into or across John Rowley's property was a violation of the Fourth Amendment and granted the motion to suppress photographs obtained as fruits of that warrantless search. The administrative law judge did not rule on the declaratory motion, indicating that he did not have authority to rule on the constitutionality of Defendant City's ordinance.

30.     Shortly after John Rowley exercised these rights, Defendant City and Defendant Turner, upon information and belief, then turned their attention to John Rowley's brother, Plaintiff Jake Rowley, in a retaliatory effort to selectively enforce alleged City ordinance violations through application of warrantless searches.

6

31.     As a proximate result of Defendant City's and Defendant Cottam's warrantless search and the institution of separate legal proceedings, Plaintiff John Rowley has suffered and continues to suffer from frustration, fear, and worry.

**B.      PLAINTIFF JAKE ROWLEY**

32.     Plaintiff Jake Rowley is a resident of the City of St. George, Washington County, State of Utah, and he is the brother of Plaintiff John Rowley.

33.     Plaintiff Jake Rowley suffered the constitutional violations alleged herein after his brother, Plaintiff John Rowley, asserted his rights after suffering his own constitutional violations earlier in 2013.

34.     Plaintiff Jake Rowley holds a possessory interest in real property with a leasehold estate, which grants him the right to exclude others, including code enforcement officers acting as officers, agents, or employees of Defendant City, and which property is located within the boundaries of Defendant City.

35.     A wooden fence exists upon Jake Rowley's property, which begins in the front of his home, and which fence encloses his side and back yards from public view, in order to preserve the privacy and sanctity of his property.

36.     Plaintiff Jake Rowley kept a boat and other personal property inside his fence, and a truck backed into the driveway in front of his home.

37.     The fence beginning in the front yard of Jake Rowley's property is situated in such a way that the only physical access to it is by walking upon the front yard and not the driveway or sidewalk.

38.     The truck parked in the front driveway of Jake Rowley's property was backed in, with the rear of the truck and rear license plate close to the garage, and access to the back of his truck was only possible by walking upon the driveway or front yard.

7

39.     Jake Rowley's property, including his home and the surrounding curtilage, both within and without the fence, is a constitutionally-protected area. *See, e.g., Florida v. Jardines*, 133 S. Ct. 1409 (2013); *United States v. Jones*, 132 S. Ct. 945 (2012).

40.     On or about May 17, 2013, Defendant Turner, a code enforcement officer employed by Defendant City, came to Jake Rowley's property and took photographs of the property, including the front and side yards and the rear of Jake Rowley's backed-in truck, in an effort to obtain evidence of alleged violations of Defendant City's code.

41.     Defendant Turner went to Jake Rowley's home as part of a retaliatory and selective effort orchestrated by Defendant City to cause harm to Plaintiff John Rowley's family members after he exercised his rights to suppress evidence and request a hearing on his own alleged ordinance violations.

42.     While taking photographs of Jake Rowley's property on or about May 17, 2013, Defendant Turner entered the front and back yards, which involved physically opening the gate, and entering the space enclosed by his fence.

43.     On or about May 17, 2013, Defendant Turner took photographs of the front of the fence; of the side yard; of the rear license plate of a vehicle backed into the driveway in front of Jake Rowley's home; and of the boat and personal property inside of the fence in the back yard. The majority of these photographs could only have been taken from the enclosed, constitutionally-protected areas of the property.

44.     Defendant Turner did not have a warrant, and he had not been invited onto Jake Rowley's property, or had otherwise given permission to conduct a warrantless search.

45.     Jake Rowley was not at his home on May 17, 2013, and he therefore had no opportunity to object to Defendant Turner's warrantless search and compel him to return with a warrant before conducting his search.

46.     Defendant Turner was acting as an officer, agent, or employee of Defendant City, and was acting under color of state law when conducting the warrantless entry and search on May 17, 2013.

47.     After entering Jake Rowley's property and conducting a warrantless search of Rowley's property, Turner sent or caused to be sent a letter to Rowley's Lessor on May 17, 2013.

48.     In that letter to Jake Rowley's Lessor, Defendant Turner cited several provisions of alleged ordinance violations, most of which could not have been determined absent Turner's warrantless search, and demanded compliance with the ordinances by May 31, 2013.

49.     On or about May 24, 2013, Jake Rowley called Defendant Turner by telephone, explaining that he was trying to bring his property into compliance and questioned why he was being singled out, to which question Defendant Turner responded by saying he could discriminate against a renter of property all he wanted, and that Rowley had no right to own the property that was contained inside of his fence.

50.     In early July 2013, Jake Rowley went to the City of St. George offices and spoke with a paralegal, Ms. Diana Hamblin, about the constitutional violations of Defendant Turner.  Ms. Hamblin explained that code enforcement officers had the right to enter Jake Rowley's property any time they wanted to.

51.     On or about July 1, 2013, Defendant Turner again entered Jake Rowley's property without a warrant or permission and conducted another search, this time over Rowley's known objection, which warrantless entry and search conducted pursuant to the Defendant City ordinances in question: Sections 1-12A-16, 1-12C-3-1, and 1-12C-3-2.

52.     On or about July 1, 2013, Defendant Turner sent or caused to be sent a letter to Rowley's Lessor, alleging ordinance violations and attaching photographs of alleged ordinance violations.

53.     Defendant Turner's warrantless searches, and obtaining evidence of alleged code violations as fruits of those warrantless searches, have strained the relationship between Rowley and his Lessor.

9

54.     At the end of August 2013, Rowley's Lessors informed him that he had seven days to vacate the property because of the alleged ordinance violations, but Rowley managed to convince his Lessor to allow him and his children to stay.

55.     Rowley suffered frustration, fear, and worry at the thought of needing to obtain housing for himself and his family on such short notice, which was proximately caused by Defendant City's and Turner's warrantless searches.

## C.     PLAINTIFF CLASS

56.     At a September 9, 2013, hearing, Defendant Cottam offered sworn testimony that he conducts warrantless searches of property for purposes of Defendant City code enforcement approximately 20% of the time each year.

57.     Defendant City employs another code enforcement officer in addition to Defendant Cottam: Defendant Turner, who, upon information and belief, conducted the same percentage of warrantless searches each year.

58.     A review of materials obtained by a Government Records Access Management Act request ("GRAMA Request"), shows that approximately 9,000 "Courtesy Notices" of alleged City ordinance violations have been sent out since approximately 2008.

59.     Upon information and belief, the same amount of "Courtesy Notices" of alleged City ordinance violations have been sent out from approximately 2003 through 2008.

60.     The City ordinances in question, Sections 1-12A-16, 1-12C-3-1, and 1-12C-3-2, were originally enacted in July 2003.

61.     Upon information and belief, approximately 18,000 "Courtesy Notices" of alleged City ordinance violations were sent to citizens of Defendant City between approximately 2003 and 2013.

62.     Assuming Defendant Cottam's sworn testimony at the September 9, 2013, hearing is accurate and 20% of all code enforcement investigations of private property are conducted

10

without a warrant, then a Plaintiff Class of approximately 3,600 citizens of Defendant City, whose Fourth Amendment rights have been similarly violated, is presently in existence.

63. The existing Plaintiff Class is numerous and similarly-situated to the named Plaintiffs, in that there are claims and defenses common to the Class, and the Class will be fairly and adequately represented by the named Plaintiffs.

### COUNT I
**FACIAL CHALLENGE TO THE CONSTITUTIONALITY OF ST. GEORGE CITY CODE SECTIONS 1-12A-16, 1-12C-3-1, AND 1-12C-3-2 FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS — 42 U.S.C. § 1983 — FOR A DECLARATORY JUDGMENT, INDIVIDUAL DAMAGES, AND PROSPECTIVE EQUITABLE RELIEF AGAINST DEFENDANT CITY OF ST. GEORGE, ON BEHALF OF ALL NAMED PLAINTIFFS AND THE PLAINTIFF CLASS**

64. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1-63 as if each were set forth herein verbatim.

65. Defendant City maintains three City ordinances, Sections 1-12A-16, 1-12C-3-1, and 1-12C-3-2, which ordinances are facially unconstitutional because they violate the Fourth Amendment to the United States Constitution.

66. Section 1-12A-16 states:

> The ACE [Administrative Code Enforcement] administrator or any enforcement official is authorized to enter upon any property or premises to ascertain whether the provisions of this code or applicable state codes are being obeyed and to make any examinations and surveys as may be necessary in the performance of the enforcement duties. This may include the taking of photographs, samples, or other physical evidence. All inspections, entries, examinations, and surveys shall be done in a reasonable manner based upon cause. If the responsible person refuses to allow the ACE administrator or enforcement official to enter the property, the ACE administrator or enforcement official shall obtain a search warrant.

67. Section 1-12C-3-1 states:

The ACE [Administrative Code Enforcement] administrator is authorized to enter upon any property or premises to abate the violation of this code and applicable state codes. The ACE administrator is authorized to assess all costs for the abatement to the responsible person and use any remedy available under the law to collect the costs. If additional abatements are necessary within two (2) years, treble costs may be assessed against the responsible person(s) for the actual abatement.

68. Section 1-12C-3-2 states:

A. Once the procedures set forth in this chapter have been completed, the violation may be abated by city personnel or by a private contractor acting under the direction of the city.

B. An enforcement official, city personnel, authorized representative (including a private contractor) may enter upon private property in a reasonable manner to abate the ordinance violation as specified in the notice of violation or administrative code enforcement order.

C. If the responsible person abates the violation before the city performs the actual abatement pursuant to a notice of violation or administrative code enforcement order, the ACE [Administrative Code Enforcement] administrator may still assess all costs incurred by the city against the responsible person.

D. When the abatement is completed, a report describing the work performed and an itemized account of the total abatement costs shall be prepared by the ACE [Administrative Code Enforcement] administrator. The report shall contain the names and addresses of the responsible persons of each parcel and the tax parcel number.

E. The ACE [Administrative Code Enforcement] administrator shall serve the notice of costs and the itemized bill of costs by registered mail to the last known address of the responsible person(s). The notice shall demand full payment within twenty (20) days to the city treasurer.

F. The ACE [Administrative Code Enforcement] administrator shall schedule an itemized bill for costs hearing, if requested in writing by any or all responsible persons.

69.     These three ordinances maintained by Defendant City, are facially unconstitutional because they authorize warrantless entries and searches of private property to inspect and abate alleged or actual City ordinance violations, in violation of the Fourth Amendment to the United States Constitution, made binding upon Defendant City by the Fourteenth Amendment.

70.     Section 1-12A-16, maintained by Defendant City, assumes that Plaintiffs' Fourth Amendment rights lie dormant and forces Plaintiffs to assert their Fourth Amendment rights by refusing warrantless searches and entrance by Defendants, before their Fourth Amendment rights are recognized and secured, and a warrant is properly obtained.

WHEREFORE, Plaintiffs request relief as follows:

A.     A judgment entered in favor of Plaintiffs and against Defendant City of St. George pursuant to 42 U.S.C. § 1983;

B.     Enter a declaration, pursuant to 42 U.S.C. § 1983, that Defendant City of St. George's ordinances, Sections 1-12A-16, 1-12C-3-1, and 1-12C-3-2, violate the Fourth Amendment of the United States Constitution, and an injunction prohibiting such further enforcement;

C.     Enter a declaration that Plaintiffs' Fourth Amendment rights do not need to be invoked before they apply;

D.     To award Plaintiffs with nominal and compensatory damages against Defendant City of St. George;

E.     To award Plaintiffs' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b);

F.     To award such other and further legal or equitable relief to which Plaintiffs may be entitled.

## COUNT II

### VIOLATION OF FOURTH AMENDMENT CONSTITUTIONAL RIGHTS — 42 U.S.C. § 1983 — *MONELL V. DEPT. OF SOCIAL SERVICES*, FOR INDIVIDUAL DAMAGES AND EQUITABLE RELIEF AGAINST DEFENDANT DANIEL D. MCARTHUR, IN HIS SUPERVISORY CAPACITY, ON BEHALF OF ALL PLAINTIFFS

71.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1-70 as if each were set forth herein verbatim.

72.     Defendant Daniel D. McArthur ("McArthur") is the current mayor of Defendant City of St. George, and he was the mayor when the offending ordinances in question were enacted and began to be enforced.

73.     Defendant McArthur is charged with exercising general supervision over each and all departments of Defendant City's government.

74.     Defendant McArthur is responsible to see that Defendant City's code and laws are faithfully executed.

75.     Upon information and belief, citizens of Defendant City regularly confronted Defendant McArthur and informed him that Defendant City and its officers, agents, or employees were entering and searching properties without warrants.

76.     Upon information and belief, Defendant McArthur had actual knowledge that Defendant City and its officers, agents, or employees were entering and searching properties without warrants.

77.     Upon information and belief, Defendant McArthur acquiesced to these warrantless entries and searches of properties.

78.     Upon information and belief, Defendant McArthur failed to take any steps to prevent warrantless entries and searches of properties by Defendant City and its officers, agents, or employees.

14

79.     As a result of Defendant McArthur's actual knowledge and acquiescence of warrantless entries and searches committed by Defendant city and its officers, agents, or employees, Plaintiffs were damaged by Fourth Amendment violations, fines, liens recorded against real property, or criminal prosecution.

WHEREFORE, Plaintiffs request relief as follows:

A.     A judgment entered in favor of Plaintiffs and against Defendant Daniel D. McArthur in his supervisory capacity pursuant to 42 U.S.C. § 1983;

B.     To award Plaintiffs with nominal, compensatory, and punitive damages against Defendant Daniel D. McArthur in his supervisory capacity, for his knowing acquiescence to violation of Plaintiffs' constitutional rights secured by the Fourth Amendment to the United States Constitution under the color of state law;

C.     To award Plaintiffs' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b);

D.     To award such other and further legal or equitable relief to which Plaintiffs may be entitled.

## COUNT III
### VIOLATION OF FOURTH AMENDMENT CONSTITUTIONAL RIGHTS — 42 U.S.C. § 1983 — FOR INDIVIDUAL DAMAGES AND EQUITABLE RELIEF AGAINST DEFENDANT CITY OF ST. GEORGE, UTAH, AND DEFENDANT JEFF COTTAM, IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITIES, ON BEHALF OF PLAINTIFF JOHN ROWLEY

80.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1-79 as if each were set forth herein verbatim.

81.     Defendant City applies three ordinances, Sections 1-12A-16, 1-12C-3-1, and 1-12C-3-2 in an unconstitutional manner because they authorize warrantless searches and entries upon private property.

82.     On January 23, 2013, Defendant Cottam, acting pursuant to the Defendant City ordinances in question and under color of state law, searched Plaintiff John Rowley's property by leaning into his property to take photographs.

83.     Defendant Cottam did not have a warrant, and he did not have permission or authority to enter John Rowley's property.

84.     Defendant Cottam's January 23, 2013, warrantless search was ruled illegal by a St. George City Administrative Law Judge on October 7, 2013.

85.     Defendant Cottam is a former law enforcement officer who is familiar with Fourth Amendment prohibitions against warrantless searches.

86.     Defendant Cottam acted with callous indifference to Fourth Amendment prohibitions against warrantless searches when he conducted an illegal search of John Rowley's property on or about January 23, 2013, and on subsequent occasions.

87.     Defendant Cottam violated federal law as held in *Camara v. Municipal Court of San Francisco, 387 U.S. 523* (1967), and other decisions, that warrantless administrative searches of private properties violate the Fourth Amendment.

88.     Defendant Cottam's illegal search of John Rowley's property on January 23, 2013, as well as subsequent warrantless searches, are violations of his Fourth Amendment rights secured by the United States Constitution, made binding upon Defendants by the Fourteenth Amendment.

89.     Defendant Cottam's illegal search of John Rowley's property on January 23, 2013, acting pursuant to Defendant City's ordinances, as well as subsequent warrantless searches in violation of the Fourth Amendment, is the proximate cause of John Rowley's damages, including but not limited to, frustration, fear, and worry.

WHEREFORE, Plaintiffs request relief as follows:

A.   A judgment entered in favor of Plaintiffs and against Defendant City of St. George, and Defendant Jeff Cottam in his individual and representative capacities pursuant to 42 U.S.C. § 1983;

B.   To award Plaintiff John Rowley with nominal and compensatory damages against Defendant City of St. George, for its violation of his constitutional rights secured by the Fourth Amendment to the United States Constitution under the color of state law;

C.   To award Plaintiff John Rowley with nominal, compensatory, and punitive damages against Defendant Jeff Cottam;

D.   To award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b);

E.   To award such other and further legal or equitable relief to which Plaintiff may be entitled.

## COUNT IV
### VIOLATION OF FOURTH AMENDMENT CONSTITUTIONAL RIGHTS — 42 U.S.C. § 1983 — FOR INDIVIDUAL DAMAGES AND EQUITABLE RELIEF AGAINST DEFENDANT CITY OF ST. GEORGE, UTAH, AND DEFENDANT MALCOLM TURNER, IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITIES, ON BEHALF OF PLAINTIFF JAKE ROWLEY

90.   Plaintiffs incorporate herein by reference the allegations made in paragraphs 1-89 as if each were set forth herein verbatim.

91.   Defendant City applies three ordinances, Sections 1-12A-16, 1-12C-3-1, and 1-12C-3-2 in an unconstitutional manner because they authorize warrantless searches and entries upon private property.

92.   On May 17, 2013, Defendant Turner, acting pursuant to the Defendant City ordinances in question and color of state law, searched Plaintiff Jake Rowley's property by entering his front and back yards and taking photographs.

93.     Defendant Turner did not have a warrant, and he did not have permission or authority to enter Jake Rowley's property.

94.     Defendant Turner's warrantless search of, and entry upon, Jake Rowley's property on May 17, 2013, was a violation of Jake Rowley's Fourth Amendment rights, which rights are secured by the United States Constitution, made binding upon Defendants by the Fourteenth Amendment.

95.     Defendant Turner acted with callous indifference to Fourth Amendment prohibitions against warrantless searches when he conducted a warrantless entry and search of Jake Rowley's property on or about May 17, 2013.

96.     Defendant Turner's subsequent warrantless entry and search of Jake Rowley's property on or about July 1, 2013, was a violation of Jake Rowley's Fourth Amendment rights, which rights are secured by the United States Constitution, made binding upon Defendants by the Fourteenth Amendment.

97.     Defendant Turner acted with callous indifference to Fourth Amendment prohibitions against warrantless searches when he conducted a warrantless entry and search of Jake Rowley's property on or about July 1, 2013.

98.     Defendant Turner violated federal law as held in *Camara v. Municipal Court of San Francisco*, 387 U.S. 523 (1967), and other decisions, that warrantless administrative searches of private properties violate the Fourth Amendment.

99.     Defendant Turner's warrantless entries and searches of Jake Rowley's property on May 17, 2013, and on or about July 1, 2013, acting pursuant to Defendant City's ordinances, is the proximate cause of Jake Rowley's damages, including but not limited to, frustration, fear, and worry.

WHEREFORE, Plaintiffs requests relief as follows:

A.  A judgment entered in favor of Plaintiffs and against Defendant City of St. George and Defendant Malcolm Turner in his individual and representative capacities, pursuant to 42 U.S.C. § 1983;

B.  To award Plaintiff Jake Rowley with nominal and compensatory damages against Defendant City of St. George, for its violation of his constitutional rights secured by the Fourth Amendment to the United States Constitution under the color of state law;

C.  To award Plaintiff Jake Rowley with nominal, compensatory, and punitive damages against Defendant Malcolm Turner;

D.  To award Plaintiffs' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b);

E.  To award such other and further legal or equitable relief to which Plaintiffs may be entitled.

## COUNT V
### VIOLATION OF FIRST AMENDMENT & FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS, RETALIATION FOR PETITIONING THE GOVERNMENT FOR REDRESS & EXERCISING CONSTITUTIONAL RIGHTS, — 42 U.S.C. § 1983 — FOR INDIVIDUAL DAMAGES AND EQUITABLE RELIEF AGAINST DEFENDANT CITY OF ST. GEORGE, UTAH, DEFENDANT JEFF COTTAM, IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITIES, AND DEFENDANT MALCOLM TURNER, IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITIES, ON BEHALF OF PLAINTIFFS JAKE ROWLEY AND JOHN ROWLEY

100.   Plaintiffs incorporate herein by reference the allegations made in paragraphs 1-99 as if each were set forth here verbatim.

101.   Plaintiffs John Rowley and Jake Rowley are brothers who have both suffered warrantless entries and searches of their properties by Defendant City and Defendants Cottam and Turner.

102.   Defendant Jeff Cottam illegally searched Plaintiff John Rowley's property on January 21, 2013, and also conducted warrantless entries and searches of the same property on subsequent occasions.

103.    As a result of Defendant Cottam's warrantless entries and searches, Plaintiff John Rowley exercised his constitutional rights secured by the First and Fourteenth Amendments to the United States Constitution to seek redress from the government by retaining counsel, filing a motion to suppress, and requesting a hearing on or about March 4, 2013.

104.    Shortly after Plaintiff John Rowley exercised these rights, Defendant City orchestrated a plan to retaliate against John Rowley by focusing code enforcement efforts upon his brother, Plaintiff Jake Rowley.

105.    Defendant Malcolm Turner conducted a warrantless entry and search of Plaintiff Jake Rowley's property on May 17, 2013, and again on or about July 1, 2013, at the direction of Defendant City as part of this retaliatory scheme.

106.    Defendant City's and Defendant Turner's warrantless actions against Plaintiff John Rowley in retaliation of him exercising his constitutional rights to seek redress from the government, violate John Rowley's First and Fourteenth Amendment rights secured by the United States Constitution.

107.    Defendant City's and Defendant Turner's warrantless actions against Plaintiff Jake Rowley in retaliation for his brother's exercising of constitutional rights, violates Jake Rowley's Fourteenth Amendment equal protection rights.


WHEREFORE, Plaintiffs request as follows:

    A.    A judgment entered in favor of Plaintiffs and against Defendant City of St. George, Defendant Jeff Cottam, and Defendant Malcolm Turner, pursuant to 42 U.S.C. § 1983;

    B.    To award Plaintiffs John Rowley and Jake Rowley with nominal and compensatory damages against Defendant City of St. George, for its violation of his constitutional rights secured by the First and Fourteenth Amendments to the United States Constitution, under the color of state law;

C.   To award Plaintiffs John Rowley and Jake Rowley with nominal, compensatory, and punitive damages against Defendants Jeff Cottam and Malcolm Turner in their individual and representative capacities;

D.   To award Plaintiffs' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b);

E.   To award such other and further legal or equitable relief to which Plaintiffs may be entitled.

## COUNT VI
### VIOLATION OF FOURTH AMENDMENT CONSTITUTIONAL RIGHTS — 42 U.S.C. § 1983 — CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF ON BEHALF OF PLAINTIFFS AND PUTATIVE PLAINTIFF CLASS AGAINST DEFENDANT CITY OF ST. GEORGE, UTAH

108.   Plaintiffs incorporate herein by reference the allegations made in paragraphs 1-107 as if each were set forth here verbatim.

109.   The named Plaintiffs, Jake Rowley and John Rowley, are members of a Class of current and future individuals who live within the city boundaries of Defendant City of St. George, who have suffered warrantless searches, or who will in the future suffer warrantless searches, because of Defendant City of St. George's unconstitutional ordinances.

110.   Based upon sworn testimony by a Defendant City code enforcement officer, Jeff Cottam, and receipt of information produced after a Government Records Access Management Act ("GRAMA") request was filed, it is estimated that in the past 10 years since Section 1-12A-16 was enacted, approximately 18,000 alleged code violations occurred, and that nearly 20% of code enforcement activities pertaining to those violations involved warrantless searches. Thus, Plaintiffs estimate that a Class of approximately 3,600 citizens who are similarly situated exists.

111.   There are questions of law and fact common to the entire Class, including, but not limited to, the legal question of whether Defendant City of St. George's ordinances are facially violative

of the Fourth Amendment of the United States Constitution's prohibition against warrantless searches.

112.    The named Plaintiffs make claims for prospective injunctive and compensatory relief that are typical of the entire Class.

113.    The named Plaintiffs will fairly and adequately protect the interests of the Class.

114.    Defendant City of St. George's ordinances in question, and the warrantless entries and searches associated with enforcement of that ordinance, are generally applicable to the Class, thereby making it appropriate for this Court to grant injunctive and any corresponding compensatory or declaratory relief to the Class as a whole.


WHEREFORE, Plaintiffs request as follows:

A.    Certify a Plaintiff Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of current and future individuals who live within the city boundaries of Defendant City of St. George, and who have suffered, or who will in the future suffer, violations of constitutional rights secured by the Fourth Amendment to the United States Constitution;

B.    Appoint Plaintiffs as the Class Representatives, and their counsel as Class Counsel;

C.    Enter a declaration, pursuant to 42 U.S.C. § 1983, that Defendant City of St. George's ordinances, Sections 1-12A-16, 1-12C-3-1, and 1-12C-3-2, violate the Fourth Amendment of the United States Constitution;

D.    Enter preliminary and permanent injunctions prohibiting Defendant City of St. George, and its officers, agents, or employees from invading upon or conducting warrantless searches of properties;

E.    Award Plaintiff's costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b), and under other applicable law; and

F.    Allow such other and further injunctive or compensatory relief for the Plaintiff Class as this Court deems just and equitable.

DATED this 18th day of October, 2013.

AARON J. PRISBREY, P.C.

_____
Aaron J. Prisbrey
Trevor C. Sanders
*Attorneys for Plaintiff*

SERVE PLAINTIFFS AT:

Jake Rowley
John Rowley
c/o AARON J. PRISBREY, P.C.
1090 East Tabernacle St.
St. George, Utah  84770